TATE, Judge.
This is a suit for workmen’s compensation benefits. The trial court held that the plaintiff had not proved that he sustained an accident at work. Judgment dismissing the plaintiff’s suit was therefore rendered in favor of the defendants, the plaintiff’s alleged statutory employer and the latter’s insurer. The plaintiff appeals.
At the time of the alleged accident, the plaintiff was working as a pulpwood cutter for Dennie Willis (whom the plaintiff contends to have been a contractor or employee of the defendant Cloud). According to the plaintiff, he felt a catch and burning in his back as he twisted to load some pulpwood, following which he has never been able to work.
The plaintiff claims that this accident occurred on July 25, 1962, the last day he worked for Willis. This was the last day Willis was in business as a pulpwood hauler.
On August 10th, some sixteen days after the alleged accident, the plaintiff reported to a general practitioner. The doctor found a swelling in the plaintiff’s back muscles and diagnosed the cause thereof as a lum-bosacral sprain. The plaintiff claimed at that time that the sprain had resulted from an alleged twisting accident at work some two weeks earlier.
The preponderance of the evidence shows that the plaintiff Green did not complain of his back injury to his employer Willis, either on the day of the accident (Willis *25 was at the site, some one hundred feet away at the time), or three days later, when Willis came by the plaintiff’s home to give him his final pay.
The plaintiff claimed that the accident was witnessed by his co-worker at the time of the accident, Lazell Miller, and Miller so testified on direct examination. However, Miller’s admissions on cross-examination, together with other evidence in the record, shows that Miller had ceased working for Willis at least two weeks before the alleged accident and had never returned to work for him, due to a work injury of July 9th and resulting disability of at least four weeks. The co-employee (Baltazar) who replaced Miller on Willis’s crew testified positively that the plaintiff had never complained of any injury during the period they were working together from July 10th up until the time Willis went out of business on July 25th.
The plaintiff Green does not contend that his injury might have occurred earlier than the last day of work for Willis, such as before his witness Miller was injured and then quit Willis’s employ on July 9th. Green unequivocally testified that, due to his back pain immediately resulting from the injury, he allegedly was unable to work even an hour after his alleged accident and that he has never returned to work since the accident.
Basically, the decision of whether the plaintiff Green proved an accident at work for Willis, thus depends upon whether Green and his witness Miller testified truthfully.
Evaluation of credibility is primarily within the province of the trier of fact. We are unable to hold that the trial court committed manifest error in accepting, instead of the plaintiff’s testimony, the testimony of the employer Willis and of the co-employee Baltazar, corroborated as such is by the admissions of the plaintiff’s witness Miller.
Under such latter version, the testimony is entirely false of the plaintiff Green and his witness Miller that the plaintiff had suffered an accident on his last day of work for Willis. Thus, whatever symptoms the plaintiff was suffering with when he belatedly reported for medical examination some sixteen days after quitting work for Willis, they were not proved to be the result of any injury at work for Willis.
The trial court found that the plaintiff had not proved any accident at work. We find no error in this finding and affirm the dismissal of the plaintiff’s suit. The costs of this appeal are to be paid by plaintiff-appellant.
Affirmed.